# Donald, Appellant, *v.* Parker.

*Negligence—Contributory negligence — Automobiles — Collision at street intersection—Driving past street car—Question for the court.*

In an action of trespass to recover damages resulting from the collision of two automobiles, the trial court properly directed a verdict for the defendant, where the evidence showed that the plaintiff's machine was behind a street car at the intersection of two streets in Philadelphia, when they were halted to allow traffic to proceed on the cross street, and that, when the street car started, the plaintiff speeded up to pass it, and collided with the defendant's automobile, which had safely passed the street car, but had not cleared the crossing, where it had the right of way at the time.

212, (1922).] Statement of Facts—Opinion of the Court.

Argued October 12, 1921. Appeal, No. 112, Oct. T., 1921, by plaintiff, from judgment of Municipal Court of Philadelphia, April T., 1920, No. 86, on verdict for defendant, in the case of James Donald v. George W. Parker, Jr. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed

Trespass to recover for damages to plaintiff's automobile. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for the defendant upon which judgment was subsequently entered. Plaintiff appealed.

*Errors assigned* were the action of the court in directing a verdict for defendant, and in refusing to submit the question of negligence, and contributory negligence, to the jury.

*Horace Michener Schell,* and with him *Saul, Ewing, Remick and Saul,* for appellant.—Plaintiff was entitled to have the evidence considered in the light most favorable to him: Keinath v. Bullock, 267 Pa. 589; Barskey v. Lutz et al., 74 Pa. Superior Ct. 449.

*Harry S. Ambler, Jr.,* for appellee.

PER CURIAM, March 3, 1922:

This action in trespass was instituted by the plaintiff against the defendant to recover damages for the negligent operation of the latter's automobile. The trial judge directed the jury to return a verdict for the defendant, stating, "In taking this case away from your consideration by giving you binding instructions, I do it for this reason.

"There is no dispute that this accident happened in this fashion; that the traffic which had been cut on

Hunting Park Avenue, in order to permit the traffic on 18th Street to pass, had caused a trolley car to come to a standstill and the plaintiff's car, according to his own testimony, was stopped at the rear of that trolley car. That the automobile with which he collided, crossing 18th Street, had crossed in front of the trolley car at the rear of which the plaintiff had stopped when the traffic was cut.

"It seems to me that under any circumstances the part of the prudent and careful running on the part of any man who stops alongside of or behind a trolley car would require that he should not attempt to pass the trolley car until at least he had passed the other side of the intersecting street. If Mr. Donald, under the circumstances, had proceeded alongside of the trolley car, this accident could not have happened. It is manifest that the defendant's car had clearance way because it did pass the trolley car. It is manifest, further that the plaintiff's car was being speeded up for the reason that within the space of less than 60 feet he had passed from the rear end of the trolley car at least parallel with it and that it was running at a speed in excess of that of the trolley car itself.

"I say, under all the circumstances, that there is nothing upon which you could predicate negligence upon the part of the defendant, and that there is evidence that the plaintiff was not operating his car with the caution and prudence that a man ought to operate it, particularly in the traffic of crowded streets. For these reasons I instruct you to find a verdict for the defendant."

On account of the presence of the trolley car the driver of this automobile could not be certain whether or not passengers were discharged on its opposite side from him, or whether vehicular traffic would have the right of way before him and it was his bounden duty to allow such, if any, reasonable time to pass across the street to the opposite side before he occupied that space. The defendant's automobile was in the traffic moving north on

212, (1922).]          Opinion of the Court.

18th Street, and in clearing the intersection, was struck by the plaintiff's car when it crashed into that traffic.  He deliberately elected, in reckless disregard of reasonable care under the circumstances, to drive the full length of the trolley car and pass in front of it, and by miscalculating the distance caused a right-angled collision with the automobile, which had the right of way at the intersection of the highways.  The facts were undisputed, and there was nothing to submit to a jury.  Having manifestly failed in his duty to observe the law, he was guilty of such contributory negligence that the trial judge was warranted in directing a verdict for the defendant.

The assignments of error are overruled and the judgment is affirmed.