# Davis et ux., Appellants, *v.* American Ice Co.

*Negligence — Automobiles — Collision between automobile and truck—Intersections of streets—Respective duties of drivers—Act of June 30, 1919, P. L. 678.*

1. It is the duty of the driver of an automobile in approaching a street crossing to have his car under control and observe if vehicles are approaching on the intersecting street, and in case the other car or truck is first at the crossing, that vehicle must be given an opportunity to cross the intersecting street, and due care used to avoid collision.

2. The driver of the motor first reaching the crossing has the right to assume the driver of an automobile approaching on the intersecting street will do so at moderate speed, with his car under control; he is not required to anticipate and guard against the want of ordinary care on the part of another.

3. Under the Act of June 30, 1919, P. L. 678, the vehicle approaching from the right, has the right of way.

4. Where an automobile approaches an intersection from the right and a truck from the left, and a collision occurs, if it appears that the truck struck the automobile on the side, the conclusion is the latter reached the point first, or at least the two cars arrived about the same time, in which case the automobile had the right of way, and the duty of the truck driver was to stop and wait until the other car passed.

*Negligence—Automobiles — Guest — Contributory negligence— Negligence of driver.*

5. An invited guest in an automobile ordinarily is not concerned with the operation of the car and cannot be viewed as joining with the driver in the operation merely from the fact that he happens to be an occupant of the car.

6. The guest is not under the duty to continually observe the roadway ahead of him, and cannot be held negligent merely for failure on his part to discover danger of which he is ignorant, although he might have discovered it if he had been giving attention to the roadway.

7. A passenger in an automobile is not equally bound with the driver, to watch for the approach of vehicular traffic at street crossings.

8. There are times, however, when a guest may be held negligent, as a matter of law in not observing an impending danger and taking proper action in regard thereto.

9. Negligence of the driver, however, is not imputed to the passenger, but the latter is fixed with his own negligence when he joins the former in testing manifest danger.

Argued November 30, 1925. Appeals, Nos. 367 and 383, Jan. T., 1925, by plaintiffs, from order of C. P. No. 3, Phila. Co., Sept. T., 1922, No. 8167, refusing to take off nonsuit, in case of Thomas F. Davis et ux. v. American Ice Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before FERGUSON, J. The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off. Plaintiffs appealed.

*Error assigned* was, inter alia, order, quoting it.

*Nochem S. Winnett,* with him *John J. McDevitt, Jr.,* for appellants.—It is the duty of a driver of a vehicle approaching the crossing of a street intersection to have his vehicle under control, and to observe what is or may be approaching from the other street; and, where another vehicle is first at the crossing, to give it an opportunity to clear the same and to use due care to avoid a collision: Gray v. Grease Co., 283 Pa. 461; Flounders v. Traction Co., 280 Pa. 85; Silberstein v. Showell Co., 267 Pa. 298; Free v. White, 83 Pa. Superior Ct. 191; Robb v. Cab Co., 283 Pa. 454; Schoepp v. Gerety, 263 Pa. 538; Flounders v. Traction Co., 280 Pa. 85; Simon v. Lit Bros., 264 Pa. 121.

*Frank R. Savidge,* for appellee.—Plaintiff failed to establish her case in that she did not offer any testimony proving an act of negligence on part of defendant in the

operation of its truck: Ferrell v. Solski, 278 Pa. 565; Mardo v. Coal Co., 279 Pa. 209.

The driver of the auto in which the plaintiff was riding is chargeable with contributory negligence and plaintiff was equally responsible with her: Hill v. Traction Co., 271 Pa. 232; Bornsheuer v. Traction Co., 198 Pa. 332; Nutt v. R. R., 281 Pa. 372; Nelson v. Traction Co., 276 Pa. 178; Renner v. Tone, 273 Pa. 10; Carroll v. R. R., 12 W. N. C. 348.

OPINION BY MR. JUSTICE FRAZER, January 4, 1926:

Mrs. Davis received injury in a collision between defendant's truck and an automobile in which she was riding as a guest. At the close of plaintiff's testimony, the trial judge entered a compulsory nonsuit, giving, as a reason for his action, the negligence of the driver of the automobile and imputing her negligence to plaintiff as a passenger in the car. This appeal is from the refusal of the court to take off the nonsuit.

The automobile in which plaintiff was riding was driven by her sister. Plaintiff occupied the front seat with the driver. They were driving westward on Roosevelt Boulevard in the City of Philadelphia, and when practically fifteen feet from the intersection of Mascher Street, the driver slowed down her car and changed to a lower speed before proceeding to cross the intervening street. She testified that, at the time the speed was slackened, she noticed the truck approaching at "about the south end of the boulevard," by which expression she meant the south side of the boulevard. She proceeded and did not look further in the direction of the truck until the middle of the street was reached when she saw it almost upon her and the collision occurred immediately. The truck struck the automobile on the left side, damaging the mud guard and running board. At the moment of the collision neither car was traveling at an excessive speed as both stopped instantly. There was no other traffic in the vicinity at the time and nothing in-

terfered to prevent the driver of each car from seeing the other approaching.

Roosevelt Boulevard, at the place of the accident, is two hundred and forty feet wide from curb to curb. There are three driveways separated by intervening grass plots. The outer drives are for one-way traffic and the middle is used for traffic in both directions. Plaintiff's car was proceeding on the right-hand outer drive which was thirty-four feet in width. The roadway of Mascher Street on which the truck approached is thirty-six feet from curb to curb. The south side of the boulevard was consequently at least two hundred feet from the north bound driveway.

Plaintiff, testifying in her own behalf, stated she noticed her sister slow down the car as they approached Mascher Street, but did not look on her own accord to see if another car was approaching and did not see the truck until after the collision. She made answer in the negative to a question if she did anything just before reaching the crossing and stated she was not operating the car and did not care to distract the driver's attention with suggestions as to its operations "but left it entirely to her," saying "I thought she was capable of taking me out or I would not have gone with her."

The trial judge entered the nonsuit because the driver was negligent and, as the judge thought, her negligence was imputed to plaintiff.

In this conclusion, the court below fell into error. Though the question of the driver's negligence is not necessarily before us, the facts do not warrant the inference, as matter of law, that she was chargeable with want of due care. The record shows she took every precaution the law required her to take for her own safety as she approached the crossing. She slowed down her car and, as she did so, looked and saw the truck approaching at the south side of the boulevard, a distance of at least two hundred feet. Being only fifteen feet from the side of the street, she concluded, and properly

so, under the facts, that she had ample time to cross the street before the truck could travel the much greater distance.   While the testimony does not disclose the speed at which the truck was approaching, yet, if it approached at a reasonable speed and with due regard to the rights of other users of the highway, there was sufficient time for the car in which plaintiff was riding to cross the intervening street before the truck reached it.   On the other hand if the truck, when first seen, was running at a high speed, there was ample opportunity to stop before reaching that part of the boulevard on which the automobile was driving, consequently, the driver of that car was justified in assuming the truck driver would observe such care and caution as the circumstances required. The mere fact that the driver of the automobile did not again observe the truck until the collision, does not require us to hold her negligent as matter of law.   Assuming, as we must, the truth of the driver's statement, that the truck was on the opposite side of the boulevard when she reached the side of the crossing, she clearly had the right of way and was not bound to anticipate negligence on the part of the truck driver.   We think the rule of law applicable to the situation is fully set out in Simon v. Lit Bros., 264 Pa. 121, as follows (page 123): "It is the duty of the driver of an automobile in approaching a street crossing to have his car under control and observe if vehicles are approaching on the intersecting street, and, in case a car or truck is first at the crossing, that vehicle must be given an opportunity to cross the intersecting street, and due care used to avoid collision: McClung v. Pennsylvania Taximeter Cab Co., 252 Pa. 478.   The driver of the motor car first reaching the crossing has the right to assume the driver of an automobile approaching on the intersecting street will do so at a moderate speed, with his car under control. In other words, the driver of a car is not required to anticipate and guard against the want of ordinary care on the part of another: Wagner v. Phila. Rapid

Transit Co., 252 Pa. 354. Applying these principles to the case before us, while it was the duty of plaintiff, as he approached the intersection of the two streets, to be on the alert for an approaching car or truck driven at such reasonable speed as the circumstances and legal duty imposed upon the driver might warrant, and use due care to guard against a collision, according to his testimony he performed this duty and also gave proper warning of his approach; he was not required to go further and guard against collision with a car approaching at such excessive speed as the testimony indicates defendant's machine was being driven at the time of the accident."

If it be argued that the evidence in the case before us fails to show the truck was approaching at an excessive speed, the answer is that, inasmuch as the testimony and the damage to the car in which plaintiff was riding, both indicate the truck struck the automobile on the side, the conclusion is the latter reached the point first, or at least the two cars arrived about the same time, in which case plaintiff's car had the right of way, and the duty of the truck driver was to stop and wait until the other car had passed: McClung v. Taxi Cab Co., 252 Pa. 472, 480; Simon v. Lit Bros., supra; Black v. Mark, 273 Pa. 138, 139. This rule is affirmed by the provision of the Act of June 30, 1919, P. L. 678, giving the vehicle approaching from the right, the right of way. This act was construed in Weber v. Greenebaum, 270 Pa. 382; in that case, the plaintiff was about five feet from the crossing when he saw defendant's car one hundred and thirty-five to one hundred and fifty feet distant. There, as here, no direct evidence appeared, indicating the speed of defendant's machine. An important distinction between that case and this is, there defendant approached on the right side and thus had the right of way, if both cars arrived at the same time. Notwithstanding this difference, we held the case was for the jury. How, then, under the act referred to above, can we take the present

case from the jury, as the automobile had the right of way under the law and also reached the crossing first? In discussing the Act of 1919 in the case of Weber v. Greenebaum, supra, we said [page 385], "The evil which the legislature desired to guard against was liability to collisions at crossings.  The law already provided a guide where one vehicle arrived at an intersection well in advance of another, which was coming toward it, by giving the first vehicle the right of way (Simon v. Lit Bros., 264 Pa. 121, 123) ; but it furnished no established rule when two vehicles approached, or drew near to, the intersection 'at the same time,' so that in all probability they would arrive together, and, if one did not give way, a collision would ensue.  It was to provide a rule to govern this oft-recurring contingency that the act was passed; and it means simply that where the paths of two approaching vehicles cross at the intersection of public streets, the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision."  In entering the nonsuit in the present case, the court below held plaintiff to a greater degree of care than the law requires in approaching a street railway crossing.  In such case, we have held that the driver of an automobile is not required to wait merely because a trolley car is in sight, but if, in view of the distance of the car, it appears there is a reasonable time to cross ahead of it, there is no negligence, as matter of law, in attempting to cross: Flounders v. Traction Co., 280 Pa. 85.

Under the facts of this case, the question of the driver's negligence was for the jury: Gray v. Ohio Grease Co., 283 Pa. 461; Weber v. Greenebaum, supra; Moraski v. Yellow Cab Co., 84 Pa. Superior Ct. 605.

We have discussed the question of negligence on part of the driver of the automobile because of the conclusion of the court below that she was negligent and her negligence was imputed to plaintiff. Assuming, however,

she was negligent, it does not necessarily follow that plaintiff, a passenger, was also negligent. "The rule is well established that, when possible dangers, arising out of the negligent operation of a hired vehicle or a conveyance in which one is riding as an invited guest are manifest to a passenger, who had adequate opportunity to control the situation, if he sits by without protest and permits himself to be driven on to his injury, this is negligence which will bar recovery. In other words, the negligence of the driver is not imputed to the passenger but the latter is fixed with his own negligence, when he joins the former in testing manifest dangers": Hardie et ux. v. Barrett, 257 Pa. 42, 46.

"An invited guest, and especially one who occupies a rear seat in the car where no opportunity of control exists, is in a different position. He ordinarily is not concerned with the operating of the car and cannot be viewed as joining with the driver in its operation merely from the fact that he happens to be an occupant of the machine. He is, of course, not without responsibility in the matter and must be held accountable if he assumes the risk of a danger which he knows exists or remains silent in the face of known danger and fails to warn the driver of its existence. 'When dangers which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which would bar recovery': Minnich v. Easton Transit Co., 267 Pa. 200, 204. The guest is under no duty to continually observe the roadway ahead of him, and cannot be held negligent merely for failure on his part to discover danger of which he is ignorant although he might have discovered it if he had been giving attention to the roadway: Azinger v. Railroad, 262 Pa. 242." Nutt v. Pennsylvania R. R., 281 Pa. 372, 377.

The most frequent application of the foregoing principles appears in cases involving railroad or street railway crossings where the situation is one of known danger. We know of no decision where it has been held that a passenger in an automobile is equally bound with the driver, as was in effect held by the court below, to watch for the approach of vehicular traffic at street crossings. To so hold would require such constant interference with the driver as to increase rather than diminish the danger. While there are times, as we said in Nutt v. Penna. R. R., supra, when a guest may be held negligent, as matter of law, in not observing an impending danger and taking proper action in regard thereto, no such situation was presented in this case, because, even if plaintiff had looked and observed the truck at the south end of the boulevard, the situation called for no interference on her part.

Under the evidence, the truck was thirteen times as far from the crossing as the car in which plaintiff was riding, and she was not bound to anticipate the truck driver would approach at a reckless speed and violate the express mandate of the law which gave to plaintiff's car the right of way. The proximate cause of the accident was not plaintiff's failure to look but the negligence of the truck driver.

It may be that after defendant's evidence is submitted on a new trial a different situation will be presented. For present purposes, however, we must take the record as we find it.

The judgment is reversed and a new trial ordered.