## Hood *v.* Urban, Appellant.

*Negligence—Automobile—Collision—Priority at right angle street intersection—Case for jury.*

In an action of trespass to recover for personal injuries and damages to a truck resulting from a collision with defendant's automobile at a right angle street intersection, it appeared that plaintiff approached the intersection from the right. The evidence was conflicting as to whether defendant arrived at the intersection, such a substantial distance in advance of the plaintiff, that under the law of the road, he was entitled to proceed or whether the vehicles approached the intersection at approximately the same time. Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

When a driver of an automobile approaching a street intersection from the left might, through the exercise of reasonable judgment, have anticipated the simultaneous arrival of his own and another vehicle at the point of intersection, he is under an affirmative duty to keep out of the other's way.

Argued October 13, 1927. Appeal No. 112, October T., 1927, by defendant from judgment of M. C., Philadelphia County, December T., 1925, No. 736, in the case of Frank C. Hood v. Charles H. Urban. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover for personal injuries and damages to a truck. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $433.03 and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*Raymond A. White, Jr.,* and with him *Maurice W. Sloan,* for appellant.

*Rowland C. Evans, Jr.,* and with him *Evans & Wernick,* for appellee.

OPINION BY CUNNINGHAM, J., March 2, 1928:

Plaintiff has a verdict and judgment thereon in the municipal court for injuries to his person and for damages to his half-ton Ford truck, resulting from a right-angle collision with defendant's Ford sedan at the intersection of York Road and Wagner Avenue in the City of Philadelphia.   Defendant now appeals and assigns for error the refusal of his point for binding instructions and the denial of his motion for judgment n. o. v.   The intersecting streets are each approximately thirty-six feet from curb to curb; York Road runs north and south and Wagner Avenue east and west.   The grade of York Road ascends slightly north of Wagner Avenue, which is practically level, and there are two trolley tracks on York Road.   The evidence with respect to the circumstances of the collision is irreconcilably conflicting.   Plaintiff was driving his small Ford truck south on York Road and defendant his Ford sedan west on Wagner Avenue.   There was at least one other vehicle preceding defendant's car westwardly on Wagner Avenue and into its intersection with York Road—a large Mack truck.   Plaintiff testified that as he was coming down York Road the traffic

"was congested a little bit" at Wagner Avenue and that he saw the big five-ton Mack truck coming "fairly fast" out of Wagner Avenue upon his left, and continued: "The Mack truck was coming across the street, and about the time that I reached Wagner Avenue, the Mack truck was a little ahead of me, so I left the Mack truck go on down York Road, and I went on the right-hand side of the Mack truck and I was just about three-quarters of the way across the street, across Wagner Avenue when I felt something hit me, and that is the last I did feel until I woke up in the hospital." Both vehicles were overturned and plaintiff's version is that his truck was struck on its left side near the rear by defendant's sedan. A witness who was standing on the southwest corner of York Road and Wagner Avenue at the time of the accident testified in behalf of plaintiff: "Well, the way I seen, that little truck was coming down south on York Road. ......It was about the other side of the street when I seen another car, a sedan coming from Wagner Avenue passing York Road, and it happened that the sedan crashed into the rear of the little truck and turned it over, also the sedan went over on one side." This witness, experienced in driving automobiles for thirteen years, testified that in his judgment plaintiff's car was running between fifteen and twenty miles an hour and that defendant was driving faster, "between twenty-five and thirty, something like that."

On the other hand defendant testified that he was coming west on Wagner Avenue approaching York Road and intending to cross it; that there were two vehicles ahead of him—a touring car and the Mack truck; that he looked both north and south on York Road; that there was nothing coming from the south, but several machines, one of which proved to be the plaintiff's, were approaching from the north and that plaintiff's truck was then from fifty to seventy-five feet north of

Wagner Avenue. His account of the accident was: "I followed the procession of traffic, and as I was almost across York Road, that is, my back wheel was in the last of these two car lines when I wals hit in the rear, I was turned over, upset, and Mr. Hood's [plaintiff's] car was also turned over by the impact." Defendant testified that he was traveling about ten miles an hour and that he kept watching plaintiff's truck which was "coming down at a moderate rate of speed," but faster than defendant was running. On cross-examination, however, defendant, after stating that when he first saw plaintiff's truck it was from fifty to seventy-five feet north of Wagner Avenue and he was about fifteen feet east of York Road, admitted that he did not again look for plaintiff's truck: "Q. And when was the next time you saw it? A. When I was hit. Q. Not until after you were hit, is that right? A. Yes, sir, because I was looking—my attention was drawn to the traffic ahead of me. I was following the traffic. I had no reason to look otherwise........Q. Then you will say that it is true that you saw Mr. Hood's car seventy-five feet away the first time you looked, and you never saw it again until after the accident, is that correct? A. Yes, sir." Defendant further testified that the Mack truck did not turn south on York Road but continued across York Road and west on Wagner Avenue, as did also the touring car which was following it. He was corroborated to some extent by the driver of a car which was following the plaintiff's south on York Road. The respective positions of the cars after the accident and the nature and location of the injuries to plaintiff's truck seem to corroborate the plaintiff's version of the accident. There are no writings to consider on this appeal and, in disposing of it, all the evidence, and proper inferences therefrom, favorable to plaintiff must be taken as true and all unfavorable to him must be rejected. The sole

inquiry is whether binding instructions should have been given for the defendant: Hunter v. Pope, 289 Pa. 560; Caldwell v. Continental Trust Company, 291 Pa. 35. Appellant bases his argument largely upon the alleged contributory negligence of the plaintiff. At the trial the burden was upon plaintiff to establish the negligence of the defendant by proof of facts which did not in themselves show that plaintiff was guilty of contributory negligence: Grimes v. P. R. R. Co., 289 Pa. 320. The plaintiff's case did not disclose facts which would have warranted the trial judge in declaring him guilty of contributory negligence. We think the above excerpts from the testimony show that this was a case in which the questions of defendant's negligence and plaintiff's alleged contributory negligence were both clearly for the jury. There is a sharp conflict in the testimony as to whether the defendant arrived at the intersection such a substantial distance in advance of plaintiff that, under the law of the road, he was entitled to proceed, using reasonable care (Wescott v. Geiger, 92 Pa. Superior Ct. 80), irrespective of the statutory right or left rule (Weber v. Greenebaum, 270 Pa. 382); or whether the vehicles approached the intersection of the highways approximately "at the same time," within the meaning of the Act of June 30, 1919, P. L. 678, as amended, (the last amendment applicable to this case being by the 10th Section of the Act of April 27, 1925, P. L. 254, 279), thereby creating a situation to which the provisions of the act were applicable and in which it became the duty of defendant to give way to the plaintiff, "approaching from the right," and stop if necessary to avoid a collision. When a driver approaching from the left, as did appellant, might, through the exercise of reasonable judgment, have anticipated the simultaneous arrival of the vehicles at the point of intersection he is under an affirmative duty to keep out of the other's way:

Weber v. Greenebaum, supra. Under the evidence there was such doubt as to the facts and the inferences to be drawn from them as to require the submission of the entire case to the jury: Gray v. Ohio Grease Company, 283 Pa. 461.

Judgment affirmed.