## Myers v. Funk, Appellant.

18

Argued October 12, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Raymond R. Start,* and with him *Allen Gray Clark,* for appellant.

*Isaac G. Gordon Foster,* for appellee.

Opinion by Keller, J., December 16, 1933:

The evidence warranted a finding that defendant's driver was negligent. In fact, no other conclusion could be drawn. Traveling west on Foulkrod Street, when he arrived at the intersection of Castor Road,

although the traffic light at the corner showed red, he continued across the road and drove his truck into plaintiff's automobile.

The only question to be considered is whether the evidence produced by the plaintiff—the defendant offered none,—which must be considered in the light most favorable to the plaintiff, requires a finding that he was guilty of contributory negligence as matter of law.

When plaintiff, traveling south on Castor Road, came to the intersection with Foulkrod Street, the traffic light was against him, so he pulled to the right of a coal truck traveling the same direction, and stopped; his car was then between the coal truck and the west curb of Castor Road. When the traffic light on Castor Road changed to green both the coal truck and the plaintiff started to cross Foulkrod Street. The driver of the coal truck seeing the defendant's truck negligently crossing the street in violation of the traffic light and recognizing that he would be run into if he continued, stopped suddenly, and the plaintiff, who was to the coal truck's right and could not see defendant's truck because the coal truck was between them, was struck in the front of his car by defendant's truck before he could stop.

The appellant relies on the case of Byrne v. Schultz, 306 Pa. 427, 160 Atl. 125. But there the bus which struck the defendant Stone's car, in which the plaintiff Byrne was riding, had arrived at the crossing and was traveling so rapidly at the time the policeman signalled the driver to proceed that the latter must have realized the danger of proceeding, if he had looked. The court held that Stone's driver had no right to drive recklessly across the street intersection merely because the traffic officer had motioned him to proceed. The case of Galliano v. East Penn Electric Co., 303 Pa. 498, 154 Atl. 805, cited and relied on in that case is along the same line, and the decision was based on the fact

that the automobile in which the plaintiff was riding was in the intersection before defendant's trolley car started in obedience to the traffic light. See Dopler v. Pittsburgh Rys. Co., 307 Pa. 113, 117, 160 Atl. 592. In the present case the defendant had not entered upon the intersection when the light changed, but was at least a quarter of a square away, nor was it imminent that he would do so, when the coal truck and the plaintiff's car started to cross; and the evidence does not require a finding that the plaintiff was driving recklessly, merely because he was traveling slowly alongside the coal truck. He did not attempt to pass or get ahead of the coal truck. See Donald v. Parker, 79 Pa. Superior Ct. 212. He was hit only because the driver of the coal truck suddenly stopped to avoid an accident which would have been caused by the negligence of defendant's driver.

We think the question of plaintiff's contributory negligence was one of fact, to be decided by the trier of fact, the trial judge sitting without a jury: Davis v. American Ice Co., 285 Pa. 177, 131 Atl. 720; Weschler v. Buffalo & L. E. Traction Co., 293 Pa. 472, 476, 143 Atl. 119.

The judgment is affirmed.