Rosemiller *v.* Zucker, Appellant.

Argued October 5, 1938.

Before Keller, P. J. Cunningham, Baldrige, Parker and Rhodes, JJ.

*John B. Martin,* with him *Duane, Morris & Heckscher,* for appellant.

*David F. Maxwell,* with him *Edmonds, Obermayer & Rebmann,* for appellee.

OPINION BY RHODES, J., November 18, 1938:

The only question involved in this appeal is whether the evidence requires that plaintiff be held guilty of contributory negligence as a matter of law. Plaintiff brought an action in trespass against defendant to recover damages for personal injuries sustained as the result of a collision between an automobile truck owned by defendant and operated by his duly authorized employee, and an automobile truck operated by plaintiff, at the intersection of Delaware Avenue and Summer Street, in the City of Philadelphia. The jury rendered a verdict in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was overruled, whereupon defendant took this appeal from the judgment entered on the verdict.

In appellant's brief it was stated that plaintiff had presented evidence from which it could be inferred that appellant was negligent, and that therefore the sole question involved was the contributory negligence of plaintiff.

Plaintiff, on a clear day, about 11 o'clock in' the morning, was driving his truck south on Delaware Avenue, with which Summer Street intersects. The latter is not a through street, but starts at and runs westwardly from Delaware Avenue at a point opposite the entrance to the Baltimore & Ohio Railroad Pier, which is situated on the river side of Delaware Avenue. Delaware Avenue runs north and south and has a width at this point of 143 feet 7 inches from the west curb to the river bulkhead. Summer Street runs east and west, and from curb to curb is 36 feet 3 inches wide. Both were two-way streets. Approaching Summer Street plaintiff was about 35 feet from the west side of Delaware Avenue. When about 40 feet from Summer Street, he saw appellant's truck come out of the gate

of the Baltimore & Ohio pier and move south on Delaware Avenue. At about that point a large moving van proceeding in the same direction drew up along side of plaintiff and about 5 feet to his left; both van and truck were traveling at approximately 15 to 18 miles per hour. As plaintiff approached the north curb line of Summer Street, he reduced his speed and looked for traffic on that street, and observed that there was no traffic moving on that street. Upon reaching the north curb line of Summer Street, the van on his left was about 5 feet ahead of plaintiff's truck, and plaintiff was thereby prevented from making further observation to the east or his left. The two vehicles continued in about the same relative positions across the intersection. As plaintiff neared the center line of Summer Street he again looked for traffic which would be going east on the southerly side of that street; and as he passed the center line he noticed the van, which was proceeding virtually along side of him, suddenly swerve to his left, and at the same time he saw appellant's truck, which he had last seen leaving the pier in a southerly direction, make a loop in front of the van and his truck on the south or its left side of the center line of Summer Street. The front of plaintiff's truck and the right rear of appellant's truck collided south of the center line of Summer Street. No warning had been sounded by the driver of appellant's truck.

Appellant's argument is predicated on the assumption that plaintiff saw appellant's truck committed to crossing Delaware Avenue into Summer Street when he made his observation 40 feet north of Summer Street, and that appellant's driver, having committed himself to the intersection before plaintiff reached it, had the right to proceed.

The evidence, when viewed in a light most favorable to plaintiff, does not support appellant's position. It is to the contrary. When plaintiff, about 40 feet from

the north curb line of Summer Street, saw appellant's truck it was more than 100 feet away and headed south; not west, which would have been in the direction of Summer Street. From the evidence the jury could also infer that the driver of the van ahead of plaintiff, observing appellant's truck crossing Delaware Avenue and attempting to enter Summer Street on the left-hand side, swerved his van to avoid contact with appellant's truck, and that plaintiff, who was to the van's right, could not see appellant's truck after it changed its course, because it was between him and the truck of appellant. Appellant's truck was where it had no right to be when it obviously attempted to enter Summer Street on the wrong or left-hand side (Act of May 1, 1929, P. L. 905, Art. 10, §§ 1004, 1005, 75 PS §§521, 522) ; and plaintiff was not, under the circumstances, obliged to anticipate its presence there. Plaintiff did not attempt to pass or get ahead of the van to his left, and the accident happened only because the driver of the van to plaintiff's left swerved suddenly to avoid an accident which would have been caused by the negligence of appellant's driver. See *Myers v. Funk,* 111 Pa. Superior Ct. 17, 169 A. 400.

Plaintiff was proceeding from appellant's right, and had the right of way. This follows from the accepted facts and the reasonable inferences therefrom. When plaintiff first looked to his left he saw appellant's truck more than 100 feet away and headed south on Delaware Avenue, which was in the same direction as plaintiff was proceeding. This is not a case where the trucks were approaching an intersection from different streets. Summer Street terminated at the west side of Delaware Avenue. On the east side of Delaware Avenue was the railroad pier, and appellant's truck came from a private entrance to that pier; it did not enter Delaware Avenue from an intersecting street. It cannot be said that appellant's truck was committed to an inter-

section when plaintiff first saw it, or that it had entered an intersection before plaintiff. Plaintiff was justified in going on the assumption that all precautions required by statute or established rule or custom would be taken by appellant's truck after he first observed it. See *Adams v. Gardiner,* 306 Pa. 576, 583, 160 A. 589. Plaintiff having the right to rely on such assumptions, his failure to anticipate appellant's subsequent negligent conduct does not make him guilty of contributory negligence as a matter of law. It would not be within our province, or the province of the court below, under the facts, to hold that plaintiff tested an obvious danger (*Toyer v. Hilleman,* 320 Pa. 417, 183 A. 53; *Haney v. Woolford et al.,* 124 Pa. Superior Ct. 208, 188 A. 405), or that he attempted to cross at an intersection blindly and without performing his duty to look and keep looking for approaching traffic (*Shapiro et ux. v. Grabosky,* 320 Pa. 556, 184 A. 83; *Woerner v. Heim,* 124 Pa. Superior Ct. 246, 188 A. 391). Those cases in which such conduct by the driver of a motor vehicle has been held to be negligence as a matter of law have no application to the facts in the instant case.

Plaintiff could not be charged with knowledge that appellant's truck would change its course and directly cross Delaware Avenue and attempt to enter Summer Street on the left-hand side of that street. Observing appellant's truck proceeding south after leaving the pier, the likely and natural inference would be that it was going to cross Delaware Avenue to the southbound traffic lane and then continue in the same direction as plaintiff. There was at least 20 feet of clear space between the center line of Delaware Avenue and the traffic going south, which consisted of the van and plaintiff's truck. Plaintiff's failure to continue to observe appellant's truck and to see it in time to avoid the accident was not, under the circumstances, negligence as a matter of law. See *Hurd v. Dietz,* 317 Pa.

525, 177 A. 23; *Bachman v. Reading Coach Co.*, 115 Pa. Superior Ct. 504, 175 A. 747; *Myers v. Funk,* supra. Appellant cites and strongly relies on *Byrne v. Schultz et al.,* 306 Pa. 427, 160 A. 125, and *Galliano v. East Penn Electric Co.,* 303 Pa. 498, 154 A. 805. It is manifest, upon an examination of these cases, that they are not controlling. As to the Galliano case, see *Dopler v. Pittsburgh Railways Co. et al.,* 307 Pa. 113, 160 A. 592, and *Myers v. Funk,* supra. As to the Byrne case, see *Myers v. Funk,* supra. The question of plaintiff's contributory negligence was one of fact, and was properly left to the jury.

Judgment is affirmed.