### GLADYSZ v. UNITED STATES.
### WAUGH v. UNITED STATES.
Civ. No. 3415 and 3444.

United States District Court
M. D. Pennsylvania.
Sept. 26, 1951.

206

Herbert O. Schaeffer, Harrisburg, Pa., for plaintiff Gladysz.

Harold R. Prowell, Harrisburg, Pa., for plaintiff Waugh.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., Charles W. Kalp, Asst. U. S. Atty., Lewisburg, Pa., for defendant.

MURPHY, District Judge.

Plaintiffs, age 34, driver and passenger respectively, residents of this district, seek damages for injuries sustained about 9:10 P.M., September 3, 1948, in a collision involving a taxicab[1] in which they were riding, a station wagon[2] and a United States Army tractor trailer[3] driven by a member of the United States Armed Services in the course of his official duties at the intersection of Paxson and Cameron Streets[4] in the City of Harrisburg, Pennsylvania. The cases were joined for trial to the court without a jury. Jurisdiction is based upon 28 U.S.C.A. §§ 1346(b) and 1402(b) of the Federal Tort Claims Act.

1. A 1946 Plymouth sedan owned and operated by and on behalf of the Steelton Taxicab Co.

2. A 1947 Plymouth owned by one Spencer G. Nauman and driven by one Ben Atkins.

3. A Chevrolet, driven by one Lloyd M. Prenzler, Pfc.

4. Paxson Street runs generally east and west; Cameron Street generally north and south. Each street has four traffic lanes, two in either direction. Traffic at the intersection is regulated by an automatic electric signal light.

At the time in question it was dark, the street lights and the head lights on all three vehicles were burning, the weather was clear, the pavement dry.

The matter in dispute is (a) Was defendant's driver negligent? (b) Was the driver of the taxicab contributorily negligent? (c) What, if any, damages should be allowed to the respective plaintiffs? From the credible evidence we find the following facts:

## Findings of Fact

The taxicab, in the lane nearest the easterly curb, and the station wagon, to its immediate left in the outermost lane, were traveling in a northerly direction on Cameron Street; the tractor trailer, in the lane nearest to the southerly curb, in an easterly direction on Paxson Street, intending at the intersection to turn right into Cameron Street and proceed in a southerly direction thereon. West of the intersection a bridge crosses Paxson Street, supported by a concrete abutment and steel pillars so located that the view to the right of a driver approaching the intersection on the south side of Paxson Street and the view to the left of a driver approaching on the east side of Cameron Street is somewhat obstructed. When the taxicab and the station wagon arrived at the intersection, the light being red as to north and south traffic, they came to a full stop at the pedestrian line crossing Cameron Street. When the light changed green in their favor they proceeded north across the intersection, the front of the station wagon to the side of but a few feet ahead of the taxicab. Before starting out the driver of the taxicab and the passenger therein—seated on the front seat immediately to the right of the driver—looked to the right and left and saw nothing approaching in either direction. The driver then proceeded to cross the intersection in a northerly direction. While in the act of doing so the plaintiffs again looked to the right and to the left; the view to the left was then however obstructed by the side of the station wagon.

When the front of the station wagon reached a point one-fourth of the way across the intersection and the taxicab immediately to its right but a few feet behind, the tractor trailer, traveling twenty-five to thirty miles an hour, came through the red light, struck the station wagon causing it in turn to strike the taxicab, damaging all three vehicles and, insofar as this action is concerned, injuring the occupants of the taxicab.

When the light turned green in favor of north and south traffic on Cameron Street, the tractor trailer was so far west of the abutment that it could not be seen by the driver of either vehicle. As the tractor trailer approached the intersection and the driver attempted to reduce its speed the brakes failed to operate. The driver of the tractor trailer, unable to stop or to make a right turn, went through the red light and into and across the intersection with his vehicle out of control.

As a result of the impact, the driver and passenger were thrown from the taxicab onto the pavement, causing the following:

As to the plaintiff Gladysz, a temporary state of shock, fracture of six ribs on the right side, puncture of the membrane enclosing the lung, dislocation of the right knee cap, a chip fracture of the bony knob above the knee, a bilateral fracture of the pubis, lacerations of the right armpit, the right thigh and the face, and a rupture of the supra and infraspinatus muscles of the right arm and shoulder. During the course of treatment he was jaundiced for a few weeks. All of the foregoing occasioned pain and suffering.

With one exception, apart from surgical scars and the recurrence of pain in the pubic region, Gladysz has recovered from all the injuries occasioned by the accident. As a result of the injury his right arm is functionally impaired forty to fifty percent. While he would be able to continue in his usual employment, i. e., driving a taxicab, he would not be able to raise his hand above his head.

As a result of the foregoing, Gladysz suffered special damages as follows:

| | |
|---|---|
| Harrisburg Polyclinic Hospital— | |
| Sept. 3, 1948, to Dec. 20, 1948.. | $1,146.25 |
| Dr. Thomas Outland .......... | 209.00 |
| Dr. A. W. Cowley............. | 80.00 |
| Clothing Destroyed .......... | 50.00 |

Loss of Work—22 weeks at $35.00
per week ..................... 770.00
_____
Total ............. $2,255.25

As to the plaintiff, Carlie Waugh, a temporary state of shock, disclocated left hip, broken dental plate, cuts and bruises of the limbs and head. All of the foregoing occasioned pain and suffering. He has recovered from all of the injuries occasioned by the accident, except that he still suffers from stiffness and pain on occasion in the left hip region which will clear up in time.

As a result of the foregoing, Waugh suffered special damages as follows:

Harrisburg Hospital—Sept. 3, 1948
to Sept. 22, 1948............... $172.00
Out-Patient, Harrisburg Hospital
Dispensary ................... 30.75
Dr. J. H. Harris, Ex-rays....... 20.00
Dr. George Berkheimer.......... 98.00
Nelson C. Brooks, D.D.S........ 30.00
Clothing ...................... 52.50
Loss of Work—46 days at $10.20
per day ..................... 469.20
Loss of overtime .............. 61.20
(A decrease in earnings of $.84 per
day until he resumes his former
position, a time not definitely
fixed) ....................... ...
_____
Total ............. $933.65

## Conclusions of Law

We find as a matter of law that the defendant was negligent; the plaintiff Gladysz free from contributory negligence.

## Discussion

■■■ The substantive law of Pennsylvania controls in the determination of the substantive rights of the parties, 28 U.S.C.A. § 1346(b). Damages are never presumed; they must be proved by competent credible evidence. Rice v. Hill, 315 Pa. 166, 172, 173, 172 A. 289.

■■■ A motorist about to cross an intersection must be highly vigilant and exercise extreme care in avoiding accidents. He may not depend on safe passage across the intersection solely because of a green traffic light or other theoretical right of way. Grimes v. Yellow Cab Co., 344 Pa. 298, 303, 25 A.2d 294; Byrne v. Schultz, 306 Pa. 427, 431, 160 A. 125; see Papkin v. Helfand and Katz, 346 Pa. 485, 31 A.2d 112. He must have his car under control and must look and see what is visible before attempting to cross the intersecting street. One who does not because of inattention see a visible approaching motor vehicle at an intersection is negligent as a matter of law. Sargeant v. Ayers, 358 Pa. 393, 396, 397, 57 A.2d 881. Where the view of a driver approaching an intersection is obstructed he is bound to exercise proportionately greater diligence than if his view was unobstructed. Brown v. Jones, 138 Pa.Super. 350, 353, 354, 10 A.2d 839. Here however the driver of the taxicab looked to the right and to the left before and after entering the intersection. The defendant's tractor trailer was not yet in sight. The mere fact that after entering the intersection the view of the taxicab driver was obstructed by the side of the station wagon did not constitute contributory negligence on his part. Pellegrini v. Coll, 133 Pa.Super. 294, at page 296, 2 A.2d 491; Myers v. Funk, 111 Pa.Super. 17, 19, 20, 169 A. 400.

"Every person crossing any road intersection must exercise 'due care' under the circumstances. Circumstances are those things present, or reasonably likely to be present, before the intersection is crossed. * * * 'To require one proceeding with a "go" signal, even after he is in the intersection, to be continually watching traffic approaching but not yet in or at the intersection, with his automobile under such control as to stop it immediately to avoid coming into contact with an automobile disobeying the traffic signal, would obviously prevent the necessary and desirable movement of traffic.'" Graff v. Scott Bros. Inc., 315 Pa. 262, at page 268, 172 A. 659, 661, and see Sommer v. Blacka, 153 Pa. Super. 643, at page 645, 34 A.2d 830.

As to the passenger Waugh, see Davis v. American Ice Co., 285 Pa. 177, at page 184, 131 A. 720.

As to the negligence of the defendant, see the foregoing cases and in addition 75 P.S.Pa. § 635(a), (b)2; Van Zyl v. Neitch, 116 Pa.Super. 68, at pages 71, 72, 176 A. 31.

Under all the evidence judgment must be entered in favor of the plaintiffs and against the defendant.

■ For the injuries sustained, the pain and suffering, and the special damages incurred, the plaintiff Gladysz suffered damages in the sum of Seven Thousand Seven Hundred Fifty ($7,750) Dollars, which is hereby awarded to him.

■ For the injuries sustained, the pain and suffering and the special damages incurred, the plaintiff Waugh suffered damages in the sum of Three Thousand Seven Hundred Fifty ($3,750) Dollars, which is hereby awarded to him.

Orders in compliance with the foregoing will be handed down this date.