## Pellegrini *v.* Coll, Appellant.

Argued October 13, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Thomas J. Clary,* with him *Louis Wagner* and *Richard A. Smith* for appellant.

*Joseph G. Feldman,* for appellee.

OPINION BY STADTFELD, J., November 22, 1938:

This is an action in trespass for personal injuries sustained in an accident which occurred February 4, 1937, at 11:30 A.M. at Farragut Terrace and Chestnut Street, Philadelphia. Plaintiff filed a statement of claim to which no affidavit of defense was filed, therefore admitting agency, ownership and operation of defendant's vehicle.

Farragut Terrace is thirty-four feet wide with thir-

teen foot sidewalks and Chestnut Street is forty-four feet wide with eighteen foot sidewalks. Both streets are paved with asphalt. Chestnut Street, running east and west, is restricted to one-way traffic in an easterly direction. At its intersection with Farragut Terrace, which runs north and south, traffic is controlled by a traffic light alternately showing green, amber and red.

The jury rendered a verdict for the plaintiff in the sum of $300. A motion for judgment non obstante veredicto was overruled in an opinion by MILLAR, J.

The facts are correctly stated in the opinion by the trial judge, from which we quote as follows: "The defendant did not offer any evidence as to how the accident happened. ...... The plaintiff was driving his truck east on the south side of Chestnut Street; to his left was a large Sears-Roebuck truck of the van type for moving furniture; a Chevrolet automobile was also traveling in the same direction on the left of the Sears-Roebuck truck. All three cars were approaching Farragut Terrace at about the same speed, the plaintiff being about six feet to the rear of the front of the truck on his left, and traveling about twenty miles per hour. When the plaintiff was about forty feet west of Farragut Terrace, the light for Chestnut Street traffic turned from red to amber and he slowed down to about eight or ten miles an hour. When he reached the house line of Farragut Terrace the light had turned green for Chestnut Street traffic. All three vehicles had by that time slowed down so that they had to shift into second gear, which the plaintiff did near the house line. He was then about the middle of the truck on his left, and he thus continued into the intersection. The plaintiff's view of the intersection to the north was obstructed by the large truck on his left. When the truck on his left reached the middle of Farragut Terrace it came to a sudden stop. Before the plaintiff could realize what was happening his truck had 'nosed' out a foot or two

in front of the truck on his left. He then for the first time saw defendant's truck approaching south on Farragut Terrace. Plaintiff turned to his right, but could not avoid the resulting collision.

"The driver of the defendant's truck was proceeding south on the west side of Farragut Terrace, north of Chestnut Street, at a speed in excess of eighteen miles an hour. When he was ten or fifteen feet north of the north curb line of Chestnut Street the traffic light for Farragut Terrace changed from green to amber. Instead of stopping, defendant's driver continued across Chestnut Street in the face of the traffic on Chestnut Street approaching Farragut Terrace, consisting of the Chevrolet car, the Sears-Roebuck truck and the truck driven by the plaintiff. Apparently realizing that an accident was imminent, defendant's driver veered southeast into the eastern half of Farragut Terrace. A tool box on the right hand side of defendant's truck caught the left front side of plaintiff's truck. After the accident, defendant's truck came to a stop on Farragut Terrace about twenty or twenty-five feet south of Chestnut Street, and plaintiff's truck was on the pavement of the southwest corner of Chestnut Street and Farragut Terrace, facing west.

"The evidence is undisputed that defendant's truck had not reached the intersection when the light on Farragut Terrace changed from green to amber. Instead of stopping, he proceeded across the intersection in the face of the easterly traffic moving on Chestnut Street close to the intersection."

The negligence of the driver of defendant's truck is not seriously questioned. "If yellow or 'caution' was displayed, it was the driver's duty to stop before entering the intersection. See Act of May 1, 1929, P. L. 905, Art. 10, Section 1026, 1931 June 22, P. L. 751, Section 2, 75 PS 635": *Van Zyl v. Neitch,* 116 Pa. Superior Ct. 68, 71, 176 A. 543.

Appellant's argument is entirely directed to the re-

fusal of defendant's motion for judgment n.o.v. On this motion, the testimony should not only be read in the light most advantageous to the plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact pertaining to the issue involved which may reasonably be deduced from the evidence: *Galliano v. East Penn Electric Co.*, 303 Pa. 498, 154 A. 805; *Snyder v. Penn Liberty Refining Co.*, 302 Pa. 320, 153 A. 549; *Frank v. Reading Co.*, 297 Pa. 233, 146 A. 598.

Appellant contends that plaintiff was guilty of contributory negligence because he did not look and did not see defendant's truck until the actual impact took place. The testimony is that he did look but that he could not see the defendant's truck because his view was obstructed by the truck on his left and that he entered on a green light.

In *Myers v. Funk*, 111 Pa. Superior Ct. 17, 169 A. 400, this court, through Judge KELLER (now President Judge) at p. 20, said: "...... the evidence does not require a finding that the plaintiff was driving recklessly, merely because he was traveling slowly alongside the coal truck. He did not attempt to pass or get ahead of the coal truck. See *Donald v. Parker*, 79 Pa. Superior Ct. 212. He was hit only because the driver of the coal truck suddenly stopped to avoid an accident which would have been caused by the negligence of defendant's driver. We think the question of plaintiff's contributory negligence was one of fact ......" To the same effect see *Bachman v. Reading Coach Co.*, 115 Pa. Superior Ct. 504, 175 A. 747. It is only in those cases where contributory negligence is so clearly revealed that fair or reasonable individuals could not disagree as to its existence that it may be declared judicially: *Altomari v. Kruger*, 325 Pa. 235, 188 A. 828.

Appellant relies very largely, upon the case of *Byrne v. Schultz*, 306 Pa. 427, 160 A. 125. That case is readily

distinguishable in its facts from the instant case, and has been distinguished in the case of *Myers v. Funk,* supra.

As to contributory negligence, it would have been error for the trial court to declare as a matter of law that the plaintiff was guilty of same. Quoting from the opinion of the court below: "It is clearly a question for the jury to decide. Plaintiff entered the intersection with the traffic signal favoring him, and he had the right to assume that other users of the intersection whom he could not observe would not attempt to cross his path. His view being obstructed by the truck on his left, it was his duty to proceed cautiously across the intersection, but he 'was not obliged to stop his car and proceed ahead on foot in order to determine whether the intersection was clear.' *Harris v. Moran,* 121 Pa. Superior Ct. 16, 18."

Judgment affirmed.