Rea *v.* Pittsburgh Railways Company, Appellant.

Argued March 30, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Arthur W. Henderson,* with him *J. R. McNary,* for appellant.

*J. Thomas Hoffman,* with him *Joseph A. Burns,* for appellee.

OPINION BY MR. JUSTICE DREW, April 13, 1942:

This action in trespass for damages for personal injuries grew out of a right-angle collision at a street in-

tersection in the City of Pittsburgh between the automobile operated by plaintiff, Robert Rea, and a street car owned by defendant, Pittsburgh Railways Company. The jury returned a verdict of $2,500 in plaintiff's favor. Upon motion for judgment n. o. v., the court en banc set aside the verdict and judgment was entered for defendant company. This, however, was reversed by the Superior Court and judgment was there entered for plaintiff on the verdict. An appeal to this Court was then allowed.

On June 20, 1937, at about eleven o'clock P. M., plaintiff was operating the automobile of his friend and fellow-passenger, accompanied also by two young ladies, south on Sixth Avenue and north of the crossing of that thoroughfare and Forbes Street. This is a heavily-travelled intersection through which traffic passes to enter the Liberty Bridge leading to the Tubes. Sixth Avenue for some distance north of Forbes Street is wide enough to accommodate three lanes of traffic travelling in a southerly direction. When the automobile came to this intersection, the traffic light was red against him, so plaintiff drove the machine to the right and stopped near the westerly curb of Sixth Avenue. Immediately the automobiles proceeding in the same direction in the other two lanes of traffic to plaintiff's left drew up along side of his car and also stopped. When the traffic signal changed to green, plaintiff and the drivers of the cars in the other lanes started to cross Forbes Street. The operators of the machines to plaintiff's left seeing a street car of defendant company approaching from the east on Forbes Street at great speed and about to enter the intersection in violation of the traffic signal, and realizing that they would be struck if they continued, stopped suddenly. Plaintiff, who was to the right of the other two lanes of traffic and could not see the street car because automobiles in the other lanes were between him and the street car, was struck, causing the injuries for which this suit was brought.

The negligence of defendant company is practically admitted, as well it might be. The testimony establishes that the motorman was negligent in not having the street car under control at the crossing, as is demonstrated by the fact that after the collision the street car carried plaintiff's machine westwardly on Forbes Street a distance of approximately fifty or sixty feet before throwing it to one side, and that then the street car continued for about one hundred feet before being brought to a stop. The contention of defendant, however, is that plaintiff was guilty of contributory negligence, as a matter of law, in that he drove into the intersection when his view to the left was obstructed and that therefore he did not see the street car until the collision was inevitable. Bearing in mind that the testimony must be read, under these circumstances, in the light most advantageous to plaintiff (*Galliano v. East Penn Electric Co.*, 303 Pa. 498, 508), and that it is only in a case where contributory negligence on the part of plaintiff is so clearly revealed that fair and reasonable individuals could not disagree as to its existence, that it may be declared judicially (*Altomari v. Kruger*, 325 Pa. 235, 240), we are satisfied from a most careful study of the record that this is not such a case and that the question of negligence had to be submitted.

Plaintiff's view to the east was entirely obstructed by the automobiles to his left while he waited for approximately thirty seconds for the traffic light to turn from red to green and thereafter until the front end of his car reached the first rail of the nearest track. In this connection, plaintiff testified that while standing at the intersection "The car alongside of me obstructed my view there, the same as the one alongside of him did his"; and also ". . . the light changed over to the yellow and the green, and all three of the cars, that is mine and the other two, started moving out. The automobile that was farthest over close to the street car, it saw the car and stopped. The next automobile had to be a little bit past

this one to see the street car and it was right up against the track when it got stopped, and in order for me to see the street car I had to be past this other automobile, and that put my front end right on the track." It was also stated by plaintiff that when the front end of his machine thus reached the nearest rail, he was able to see the street car for the first time; it "hadn't started through the light"; it was fifty or sixty feet away and "coming awfully fast"; it "took an instant for the street car to hit" him; and "just about as quick as I got it stopped the car was on top of me before I could back up or get out of its way at all." This testimony indicated that plaintiff did all that an ordinarily prudent person would have done under the circumstances. He cautiously started through the crossing with the traffic signal in his favor and he had a right to assume that the street car, which he could not see, would not be operated through the red traffic light, into the intersection and across his path. In *Pellegrini v. Coll*, 133 Pa. Superior Ct. 294, where the facts were analogous to those of the instant case, it was said, in quoting with approval from the opinion of the court below (p. 299) : " 'His [plaintiff's] view being obstructed by the truck on his left, it was his duty to proceed cautiously across the intersection, but he "was not obligated to stop his car and proceed ahead on foot in order to determine whether the intersection was clear.". . . *Harris v. Moran*. 121 Pa. Superior Ct. 16, 18' ". Under similar circumstances as here presented, Judge KELLER, speaking for the Superior Court said, in *Myers v. Funk,* 111 Pa. Superior Ct. 17, 20 : "In the present case the defendant had not entered upon the intersection when the light changed, but was at least a quarter of a square away, nor was it imminent that he would do so, when the coal truck [automobile traveling to the left of plaintiff] and the plaintiff's car started to cross; and the evidence does not require a finding that the plaintiff was driving recklessly, merely because he was traveling slowly alongside the coal truck.

He did not attempt to pass or get ahead of the coal truck . . . He was hit only because the driver of the coal truck suddenly stopped to avoid an accident which would have been caused by the negligence of defendant's driver."

It is well-settled that "The law only make obligatory the rule of common sense regarding the duty of a driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be vigilant, must exercise a high degree of care, must have his car under complete control, and must look, and see what is visible, before attempting to cross the intersecting street": *Byrne v. Schultz*, 306 Pa. 427, 433. This principle is in no way relaxed because the intersection may be an unusual one or may involve a complex traffic problem. Such a situation would demand a higher degree of vigilance on the part of those crossing or about to cross such an intersection. Plaintiff took every precaution under the circumstances here presented. He could not have remained stationary when the signal was in his favor and stopped the movement of other automobiles in his lane of traffic in order to get an unobstructed view of traffic approaching from his left. If that were required, multiple traffic lanes for automobiles to move simultaneously in the same direction would obviously be rendered useless, for they would further increase, rather than decrease, traffic congestion.

After a very thorough study of this case our doubts are resolved and we are convinced that the question of contributory negligence was one for the jury.

Judgment affirmed.