Randich *v.* Arena & Sons, Inc., Appellant.

Argued September 26, 1944.   Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Raymond A. White, Jr.,* for appellant.

*Herbert A. Barton,* with him *Swartz, Campbell & Henry,* for appellee.

OPINION BY KELLER, P. J., October 25, 1944:

The single issue involved in this appeal is whether the plaintiff appellee was guilty of contributory negligence as matter of law.

He was driving his automobile northward on Griscom Street, a one-way street in the City of Philadelphia, 26 feet wide between curbs, with a 12 foot sidewalk on either side. It was daylight on a clear day. He was approaching Church Street, a two-way street, likewise 26 feet wide between curbs, with a 12 foot sidewalk on either side. As he neared the intersection he slowed down and when the front of his car was about at the curbline he looked both ways, west and east. He saw a truck (defendant's) approaching on his left from the west, which was about half way up the block. He *estimated* the distance in feet at 75 feet from the west curbline of Griscom Street.

He had the statutory right of way and had only to travel 13 feet plus the length of his car to be entirely clear of the eastbound traffic. His duty on approaching the second or westbound traffic lane was to be on the lookout for vehicles coming from his right and for pedestrians on the north sidewalk of Church Street crossing Griscom Street. See *Lewis v. Hermann,* 112 Pa. Superior Ct. 338, 341, 171 A. 109. No duty rested on him then to be on the watch for cars negligently traveling in the wrong traffic lane. See *Swift v. Corrado,* 292 Pa. 543, 547, 141 A. 491; *Cunningham v. Spangler,* 123 Pa. Superior Ct. 151, 156, 186 A. 173; *Probka v. Polis,* 124 Pa. Superior Ct. 129, 131, 188 A. 393; *Kaiser v. American Ind. Laundry Co.,* 138 Pa. Superior Ct. 124, 10 A. 2d 64. Church Street was not a one-way street, with traffic moving only one way. There were two lanes of traffic in it, and the plaintiff was required to look as he neared the middle of Church Street and see if there were any vehicles coming from his right. There has been some misunderstanding of our decision in *Wescott v. Geiger,* 92 Pa. Superior Ct. 80, and the cases following it. In that case the defendant's truck was not approaching from the plaintiff's left, in the first traffic lane, as was the case here, but from the right, in the second traffic lane, when the

plaintiff, going south, looked at the curbline and saw defendant's truck coming from the west—that is, on the right of the plaintiff traveling south—about 114 feet away. Notwithstanding it was the plaintiff's duty to look again to his right before he entered the second or eastbound lane, he did not do so, but continued to look straight ahead, without any regard to the speed at which defendant's truck, which he knew was approaching on his right, in the second traffic lane— where it belonged—and would cross his path, was coming. It has no application whatever here. We have never held that it was the duty of a driver to continue to keep his attention directed to his left, *when crossing a two-way street,* after he has passed the traffic lane in which vehicles coming from his left belong. On the contrary, we have held that it is his duty, as he nears the middle of the street intersection to look again to his right. It was the failure to do this that resulted in our decision in *Wescott v. Geiger,* supra, and convicted the plaintiff in that case of contributory negligence as matter of law.

The plaintiff in the present case got safely across Church Street, and the rear of his car was just past the north curbline, when it was run into by defendant's truck traveling on the wrong side of Church Street as it neared Griscom Street.

The learned judge of the court below, who tried this case without a jury had ample support in the evidence for his decision on the facts, and would have been guilty of error, if on those facts he had ruled that the plaintiff was guilty of contributory negligence as matter of law.

Judgment affirmed.