## Borisoff, Appellant, *v.* Penn Fruit Company, Inc.

Argued October 4, 1949. Before RHODES, P. J., DITH-RICH, ROSS, ARNOLD and FINE, JJ. (HIRT and RENO, JJ., absent).

*John J. Dautrich,* for appellant.

*George H. Detweiler,* with him *Robert A. Detweiler,* for appellee.

OPINION BY ROSS, J., November 15, 1949:

This is an appeal by the plaintiff in a case involving damage to his automobile resulting from an intersection collision with defendant's truck. At the close of plaintiff's testimony, the trial judge entered a compulsory nonsuit which the court en banc refused to take off and this appeal followed.

In *Sargeant v. Ayers,* 358 Pa. 393, 395, 57 A. 2d 881, 883, Mr. Justice JONES stated: "On a question as to the

appropriateness of a compulsory nonsuit, the pertinent inquiry is whether the plaintiff's negligence appears so irrefutably from the evidence in his own case that to permit a jury to absolve him in the circumstances would be to elevate caprice over legally conclusive fact. . . . Or, as was stated in Virgilio v. Walker and Brehm, 254 Pa. 241, 244-245, 98 A. 815, '. . . a nonsuit can be entered only when it is inconceivable, on any reasonable hypothesis, that a mind desiring solely to reach a just and proper conclusion in accordance with the relevant governing principles of law, after viewing the evidence in the light most advantageous to the plaintiff, could determine in his favor the controlling issues involved.' "

The sole question involved is whether the plaintiff was guilty of contributory negligence as a matter of law, and in determining this we must view the evidence in the light most favorable to him and give him the benefit of every doubtful or obscure fact and the reasonable inferences that a jury might deduce from the evidence: *McCreery v. Westmoreland Farm Bureau Co-operative Assn.*, 357 Pa. 567, 55 A. 2d 399.

The collision out of which the case arose occurred on November 9, 1945, at the intersection of Sixth and Pine Streets in Philadelphia. Each street is 26 feet wide with single trolley tracks in the center and each is a one-way street, Sixth for southbound traffic and Pine for westbound. A traffic signal light is erected at the intersection. Driving south on the west side of Sixth Street, the plaintiff stopped his car for a red traffic signal on Pine, with a line of cars following him. A truck being driven by one Militello was also traveling south on Sixth, arrived at the intersection at about the same time and stopped about two feet ahead of plaintiff's car and to its left. When the light turned green, the plaintiff looked to his left but could not see east on Pine Street because of Militello's truck. He did, however, have an unobstructed view of the intersection which was clear as

both his car and Militello's truck moved forward into the intersection. Militello, whose view to the left or east on Pine was unobstructed, seeing defendant's truck traveling "between 30 and 35" miles an hour about "20 or 30 feet back on Pine Street", apparently about to be driven through a red light "stopped immediately" but the plaintiff "pulled out and stopped a few feet" beyond the front of Militello's truck where the plaintiff's car was struck by defendant's truck which "swerved and hit me, mashed my whole car up".

The learned court below held that the plaintiff was guilty of negligence as a matter of law because, although the traffic light was in his favor, he entered the intersection when his view east on Pine Street was obstructed by Militello's truck: "The testimony of the plaintiff that he proceeded to cross Pine Street without being able to see oncoming traffic on that street, proves his causal negligence beyond reasonable contradiction."

This case differs in no material fact from *Pellegrini v. Coll,* 133 Pa. Superior Ct. 294, 2 A. 2d 491, and *Rea v. Pittsburgh Rys. Co.,* 344 Pa. 421, 25 A. 2d 730, in which it was held that the negligence of the plaintiff was for the jury. What was said by Mr. Justice DREW in the *Rea* case at pages 424-425 applies here: "He cautiously started through the crossing with the traffic signal in his favor and he had a right to assume that the street car, which he could not see, would not be operated through the red traffic light, into the intersection and across his path. . . . he 'was not obligated to stop his car and proceed ahead on foot in order to determine whether the intersection was clear'. . . . He could not have remained stationary when the signal was in his favor and stopped the movement of other automobiles in his lane of traffic in order to get an unobstructed view of traffic approaching from his left. If that were required, multiple traffic lanes for automobiles to move simultaneously in the same direction would obviously

be rendered useless, for they would further increase, rather than decrease, traffic congestion".

In our opinion this appeal is ruled by the *Pellegrini* and *Rea* cases and, therefore, the plaintiff's negligence is for a jury's determination.

Judgment reversed, and new trial awarded.