## Klatt, Appellant, *v.* Daniels.

Argued March 20, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*George P. Armour*, with him *Bennett & Bricklin*, for appellant.

*Bernard B. Brause*, for appellee.

OPINION BY RENO, J., July 14, 1953:

Plaintiff sued in trespass to recover damages to his automobile incurred in a collision with an automobile driven by defendant. Holding that plaintiff was guilty of contributory negligence as a matter of law, the trial judge directed a verdict for defendant. The court en banc refused plaintiff's motion for a new trial and entered judgment for defendant. This appeal followed.

In Philadelphia, Valley Road runs north and south, and intersects at a right angle with, and terminates at, Wakeling Street, which runs east and west. At a point a short distance to the east of the intersection, Wakeling Street swerves to the southeast and at that point Howarth Street joins Wakeling Street and runs in a northeastwardly direction. Wakeling and Howarth Streets thus form a "Y" at that point. All the streets are 27 feet wide; are two-way streets; and there are no traffic controls on any of them.

Plaintiff testified that on the afternoon of a clear, dry day, he drove south on Valley Road at 15 or 20 miles per hour. When he reached Wakeling Street he looked to his left and saw no car approaching. Because his view to the right was obstructed by a building at the corner, he advanced his car into the intersection. When the front of his automobile was "three feet past the north curbline" of Wakeling Street, he saw defendant's car 40 or 50 feet away, traveling *east* on Wakeling Street on the *westbound* traffic lane of that street. He immediately stopped and, while standing still, his automobile was struck by defendant's.

Manifestly, if plaintiff's testimony was credible, defendant was negligent. Although he intended to drive into Howarth Street he was obliged to drive his car in the eastbound traffic lane, that is, to the right of the center of Wakeling Street. The Vehicle Code of May 1, 1929, P. L. 905, §1004, as amended, 75 P. S. §521. See *Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 30 A. 2d 172; *Randich v. Arena & Sons, Inc.,* 156 Pa. Superior Ct. 99, 39 A. 2d 458. Striking an automobile standing 3 feet from the north curbline of Wakeling Street demonstrates that defendant was driving on the wrong side of that street.

And it is equally plain that the question of plaintiff's contributory negligence was for the jury. Rejecting defendant's adverse testimony and giving plaintiff's and the legitimate inferences drawable therefrom the full value to which they are entitled on appellate review, *Holland v. Kohn,* 155 Pa. Superior Ct. 95, 38 A. 2d 500, plaintiff arrived in the intersection before defendant and had the technical right of way. Code, supra, §1013(b), as amended, 75 P. S. §572; *Habel v. Longenecker,* 169 Pa. Superior Ct. 146, 82 A. 2d 714. Nevertheless, seeing defendant approaching, he stopped his car and thereby yielded his right of way to defendant. In that position plaintiff's car was struck. Plaintiff's

testimony did not disclose absence of due care in the circumstances, and he could not be declared judicially contributorily negligent unless the "evidence of such negligence [is] so clear and unmistakable that no reasonable basis remains for an inference to the contrary": *Habel v. Longenecker,* supra, p. 150. Defendant's version of the circumstances of the accident may charge plaintiff with culpability, but the question thereby raised would be for the jury. See *Armstrong v. Reading Street Railway Co.,* 171 Pa. Superior Ct. 65, 90 A. 2d 277.

The cases upon which the court below relied (*Higgins v. Jones,* 337 Pa. 401, 11 A. 2d 158; *Brown v. Jones,* 138 Pa. Superior Ct. 350, 10 A. 2d 839) are not in point. In both, *verdicts for the plaintiffs* were sustained on appeal where the defendants entered a traffic controlled intersection without stopping.

Judgment reversed and a new trial awarded.