McGavern *v.* Pittsburgh Railways Company, Appellant.

Argued March 31, 1954. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Con F. McGregor,* for appellant.

*David M. Harrison,* with him *Harrison & Louik,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, May 24, 1954:

This was an action to recover damages resulting from a collision between the automobile owned and operated by the plaintiff and a street car of the defendant corporation. The accident occurred at the intersection of Sixth Avenue and Wylie Avenue in Pittsburgh, shortly after eight o'clock in the morning. The streets were damp but the weather was clear and visibility good. Sixth Avenue runs north and south and is an important artery leading to the Liberty Tubes and Bridge. Wylie Avenue runs east and west and on the west side of the intersection becomes Court Place, which is at right angles. There are two sets of street car tracks on both streets. Only the west-bound track on Wylie Avenue continues through the intersection into Court Place. Street cars travelling south from Sixth Avenue turn easterly into Wylie Avenue at this intersection, which is protected by traffic lights.

Plaintiff was moving southerly upon Sixth Avenue. A street car of the defendant, also proceeding southerly and on the plaintiff's left hand, had stopped to service passengers just back of the Wylie Avenue intersection, and plaintiff had stopped his automobile behind the

center doors of the street car. The street car then moved forward and stopped, and plaintiff moved his vehicle forward to a point behind the front doors of the street car. Both vehicles then waited at the intersection for a green light "go" signal. When the light turned green for Sixth Avenue traffic the street car started forward to make a left-hand turn into Wylie Avenue, and stopped suddenly about eighteen inches from the northerly or nearest rail on Wylie Avenue. After some pedestrians had cleared the cross-walk, plaintiff started forward and his view to the left was entirely cut off by the street car. As the front wheels of his automobile nosed out in front of the street car and crossed the northerly or nearest rail of the westbound track on Wylie Avenue, a street car proceeded along Wylie Avenue westwardly and to plaintiff's left at a speed of from 25 to 30 miles per hour. It had entered the intersection at least five seconds after the signal was red for Wylie Avenue traffic and struck plaintiff's car and pushed it a distance of about 25 feet into Court Place. Plaintiff first saw the westbound street car when it was about three or four feet from him, and he testified that as he proceeded into the intersection he could not see to his left because the street car entering Wylie Avenue from Sixth Avenue obstructed his vision on Wylie Avenue.

After verdict for the plaintiff the defendant made a motion for judgment non obstante veredicto, which the court refused and entered judgment for the plaintiff. The judgment will be affirmed.

The defendant-appellant concedes that it was guilty of negligence in the running of the street car on Wylie Avenue through the Sixth Avenue intersection. Its contention is that the evidence showed the plaintiff guilty of contributory negligence as a matter of law. But the plaintiff was not bound to anticipate defend-

ant's negligence: *Adams v. Fields,* 308 Pa. 301, 305, 162 A. 177; *Martin v. Gall,* 370 Pa. 258, 261, 87 A. 2d 925. To sustain its contention appellant attempts to bring the case within the incontrovertible physical facts doctrine, and in support thereof offered exhibit A-1 upon which various lines of vision are projected, in an attempt to prove that plaintiff could have seen some distance to his left if he had looked before entering on the street car tracks, and that if he had had his automobile under proper control he would have been able to stop before the street car hit it. The incontrovertible physical facts doctrine cannot be invoked under the circumstances of this case where there are three moving objects. There can be no doubt the plaintiff's vision was entirely blocked when he and the street car on his left were waiting for the traffic signal to change. After the signal changed the street car to plaintiff's left started moving, following which the plaintiff moved forward. After both vehicles were in motion the street car travelling west on Wylie Avenue came through the intersection on a red light at a high rate of speed. Plaintiff and his witnesses gave evidence that made it impossible for defendant to show with any degree of accuracy that plaintiff could have seen the street car except at the point of impact. It is a well-settled rule in Pennsylvania that incontrovertible physical facts cannot be established by oral evidence as to the position, movement or speed of moving objects: *Miller v. Measmer,* 353 Pa. 18, 20, 44 A. 2d 284; *Hostetler v. Knisely,* 322 Pa. 248, 250, 185 A. 300; *Jones v. Bell Telephone Company,* 159 Pa. Superior Ct. 556, 560, 49 A. 2d 272. To concede defendant's contention would place an unnecessary burden upon the plaintiff. The verdicts determined that the plaintiff's automobile was struck almost at the very instant its front wheels reached the middle of the street car track.

In *Rea v. Pittsburgh Railways Company*, 344 Pa. 421, 425, 25 A. 2d 730, we stated: "It is well-settled that 'The law only make obligatory the rule of common sense regarding the duty of a driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be vigilant, must exercise a high degree of care, must have his car under complete control, and must look, and see what is visible, before attempting to cross the intersecting street': Byrne v. Schultz, 306 Pa. 427, 433. This principle is in no way relaxed because the intersection may be an unusual one or may involve a complex traffic problem. Such a situation would demand a higher degree of vigilance on the part of those crossing or about to cross such an intersection. Plaintiff took every precaution under the circumstances here presented. He could not have remained stationary when the signal was in his favor and stopped the movement of other automobiles in his lane of traffic in order to get an unobstructed view of traffic approaching from his left. If that were required, multiple traffic lanes for automobiles to move simultaneously in the same direction would obviously be rendered useless, for they would further increase, rather than decrease, traffic congestion." See also *McDonald v. Ferrebee*, 366 Pa. 543, 79 A. 2d 232.

As in the *Rea* case, the plaintiff's view to the east was entirely obstructed by the street car to his left while he waited for the traffic light to turn from red to green, and thereafter until the front end of his car had just passed the nearest track; the street car approaching on Wylie Avenue striking the plaintiff's automobile when the front wheels were just about in the middle of the street car tracks. The plaintiff testified that he could not see the street car until it was about 3 or 4 feet from him, and that it struck him almost immediately as he saw it.

18

In the instant case the court below, in an opinion refusing the defendant's motion, found that the question of the plaintiff's contributory negligence was for the jury, and that he could not be convicted thereof as a matter of law.

Judgment affirmed.