Reynolds et ux., Appellants, *v.* Central Railroad
Company of New Jersey.

Argued January 10, 1972. Before JONES, C. J., EA-
GEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO,
JJ.

416

*Richard M. Goldberg,* with him *George A. Spohrer,* and *Hourigan, Kluger & Spohrer,* for appellants.

*Walter L. Hill, Jr.,* and *Joseph F. Gallagher,* with them *Warren, Hill, Henkelman & McMenamin,* for appellees.

OPINION BY MR. JUSTICE MANDERINO, July 17, 1972:

An automobile driven by appellant, William J. Reynolds, traveling east on a dirt roadway, was struck by a southbound freight train owned and operated by the defendant, Lehigh Valley Railroad Company. The accident occurred at the Reynolds Crossing owned and maintained by defendant, Central Railroad Company of New Jersey. Reynolds, injured and suffering traumatic amnesia, and his wife, sued the defendants. After the presentation of Reynolds' evidence, the trial court granted a compulsory nonsuit because the *incontrovertible physical facts* in evidence conclusively established the contributory negligence of William J. Reynolds. The court en banc sustained the nonsuit.

Reynolds, in appealing from the refusal of the lower courts to remove the nonsuit, claims the jury should have decided the contributory negligence question because a conflict existed between the presumption of due care which benefits a plaintiff suffering traumatic amnesia about the accident and the incontrovertible physi-

cal facts which show conclusively plaintiffs' contributory negligence.

Reynolds was entitled to the presumption of due care, but this does not prevent the incontrovertible physical facts rule from applying. The presumption of due care is conclusively rebutted when the evidence incontrovertibly reveals that Reynolds was contributorily negligent. *Tomasek v. Monongahela Rwy Co.*, 427 Pa. 371, 235 A. 2d 359 (1967). The incontrovertible physical facts rule can apply even if there is direct testimony that a plaintiff used due care at a crossing immediately prior to the accident. *Hawk v. Pennsylvania R. Co.*, 307 Pa. 214, 160 A. 862 (1932). *Garis v. Lehigh & N.E.R. Co.*, 324 Pa. 149, 188 A. 76 (1936). Brown, Pennsylvania Evidence 8 (1949). The rule applies in such circumstances because either the presumption or the testimony of due care is not rationally acceptable in view of the incontrovertible physical facts which reveal that the accident could not have occurred if the plaintiff exercised due care.

Considering Reynolds' evidence, the incontrovertible physical facts rule was properly applied. Reynolds presented testimony by an experienced investigator which demonstrated that Reynolds' vision to the left, as he approached the crossing in an easterly direction, was not obstructed at all times by the terrain of the land. Sight measurements were made by the witness who testified that one's vision of the railroad track to the north improved as one approached the track in an easterly direction. The witness stated that 90 feet of track was clearly visible from a point on the roadway 30 feet distant from the crossing. At a point 15 feet from the crossing, one had a view of the track to the left of 1,365 feet. At a point immediately before the crossing, 1,849 feet of straight track was clearly visible. Beyond the 1,849 feet, visibility was lost because the track

curved. Reynolds' evidence also included photographs showing views of the track from various points on the roadway. Under these circumstances, had the plaintiff exercised due care, the accident could not have happened.

There was a single track and the plaintiff's left front door was struck. Simple calculations will show that the train had to be within clear view immediately before Reynolds proceeded into the track. Had the train been travelling 30 miles an hour, it would have been visible (1,365 feet up the track) at a point fifteen feet from the crossing for a period of 30 seconds; at a speed of 60 miles an hour, it would have been visible from the same point for a period of 15 seconds; at a speed of 120 miles an hour, it would have been visible from the same point for a period of 7.5 seconds. According to Reynolds' evidence, the front bumper of the car would still be four feet away from the crossing when the driver's seat was 15 feet from the crossing. While the exact speed of the train was not established, there was no evidence suggesting a speed anywhere near even 100 miles per hour. Other calculations using other points in the roadway would produce different mathematical results, but the incontrovertible conclusion remains that had Reynolds exercised due care, the accident could not have occurred.

Under some circumstances, in spite of evidence of physical facts showing a lack of due care, the issue of the plaintiff's contributory negligence is submitted to the jury. This happens because there is also evidence which, if accepted, would show that the plaintiff did not have a clear and unobstructed view immediately prior to proceeding into the track. In these situations there is evidence of obstructions, impeding plaintiff's view so that the oncoming train (or other crossing vehicle) is either not visible or visible for such a brief

moment that a plaintiff would be required to exercise a superhuman mathematically precise calculation at the last moment to see the other crossing vehicle. Such is not the case when at a point 15 feet from the crossing there exists a clear view of the track for 1,365 feet.

Reynolds argues that there were other plaintiff's witnesses who differed from the plaintiff's expert witness and that the testimony of these other witnesses as to visibility raised a jury question. Reynolds might be correct if the testimony of the other witnesses indicated a total or almost total obstruction of the view immediately before the automobile proceeded into the track. The other witnesses for the plaintiff did not so testify. Their testimony was not substantially different from the expert witness' testimony. One witness testified that there was a decent vision of the track at a point 10 or 15 feet from the crossing. Another testified that you have to be at least 12 feet or 15 feet from the crossing to have a good view. Yet another witness testified that at three or four feet you could see clearly to the left. Another witness did not testify specifically as to when a clear view of the track was possible but this witness, at the time of her view, was riding in her father's automobile and he specifically testified that there was a clear view of the roadbed to the left when the front wheels of his car were three or four feet from the crossing. The photographs put into evidence by the plaintiff substantiate that there was a clear view of the track before reaching the crossing. Under such circumstances taking all of plaintiffs' evidence in a light most favorable to the plaintiff, the incontrovertible physical facts show that Reynolds, had he been attentive, could not have proceeded onto the track without having known of the train's presence.

Reynolds also argues that the incontrovertible physical facts rule should not have been applied because the

speed of the train was a vital factor in determining visibility and the rule should not be applied if the speed of a moving object, such as the train, is involved. Speed is a vital factor, however, only if obstructions to the view block visibility until the last moment, making it practically difficult for the plaintiff to detect the train's presence before proceeding into the crossing.

In *McGavern v. Pittsburgh Railways Company*, 378 Pa. 13, 105 A. 2d 342 (1954), the incontrovertible physical facts rule was not applicable because plaintiff gave evidence that visibility was blocked until the point of impact. *McGavern* involved a collision between a streetcar and an automobile at an intersection protected by a traffic light. The streetcar ran a red light and collided with the automobile whose driver's vision of the approaching streetcar was totally blocked by another streetcar which had come to a stop. The defendant in that case attempted to apply the incontrovertible physical facts rule to prove the plaintiff (automobile operator) guilty of contributory negligence. The court refused to apply the rule, stating that, "The incontrovertible physical facts doctrine cannot be invoked under the circumstances of this case where there are three moving objects. There can be no doubt that plaintiff's vision was entirely blocked when he and the street car on his left were waiting for the traffic signal to change. After the signal changed the street car to plaintiff's left started moving, following which the plaintiff moved forward. After both vehicles were in motion, the street car travelling west . . . came through the intersection on a red light at a high rate of speed. Plaintiff and his witnesses gave evidence that made it impossible for defendant to show with any degree of accuracy that plaintiff could have seen the street car except at the point of impact." 378 Pa. at 16, 105 A. 2d at 343-44.

All of Reynolds' evidence showed a sufficient period of time for a reasonable man to have reasonably avoided the collision by the exercise of due care. *See, Tull v. Baltimore and Ohio Railroad,* 292 Pa. 458, 141 A. 263 (1928), *Rhodes v. Pennsylvania Railroad Company,* 298 Pa. 101, 147 A. 854 (1929).

Reynolds also claims that the trial court committed error when it refused to allow Reynolds or his wife to testify as to Reynolds' habits on previous occasions when he was travelling on the same roadway and proceeding into the same crossing. Since the incontrovertible physical facts in this case conclusively established Reynolds' contributory negligence, there is no need to consider this alleged error.

The order of the lower court denying Reynolds' motion to remove the nonsuit is affirmed.