452 A.2d 1052

**Michele ZVOLENSKY, Appellant,**

v.

**Dixie Lee KING**

v.

**Lois J. RODMAN**

v.

**Dixie Lee KING.**

Superior Court of Pennsylvania.

Argued June 16, 1982.

Filed Nov. 19, 1982.

Andrew M. Schifino, Pittsburgh, for appellant.

Mark Russell Hamilton, Pittsburgh, for appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

BROSKY, Judge:

This action was commenced by appellant, Michele Zvolensky, who seeks to recover damages for injuries she suffered in an automobile accident. Ms. Zvolensky was a passenger in an automobile operated by appellee Lois Rodman which was involved in an accident with a vehicle driven by appellee Dixie Lee King. Appellees sought and obtained compulsory nonsuit on the grounds that appellant had failed to meet the $750 threshold amount which the No-Fault Motor Vehicle Act [1] imposes as a prerequisite to that recovery. We do not agree with the lower court's conclusion and therefore reverse.

Section 301 of the No-Fault Act provides in relevant part:

(a) Partial abolition.—Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle, except that:

\* \* \* \* \* \*

(B) the reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars ($100) is in excess of seven hundred fifty dollars ($750). For purposes of this subclause, the reasonable

1. Act of July 19, 1974, P.L. 489, No. 176; 40 P.S. 1009.101, et seq.

value of hospital room and board shall be the amount determined by the Department of Health to be the average daily rate charged for a semi-private hospital room and board computed from such charges by all hospitals in the Commonwealth; or

The lower court found that appellant had failed to prove that she sustained medical services the value of which exceeded $750 and therefore granted appellees' motion for compulsory nonsuit.

In *Adams v. Euliano,* 299 Pa.Super. 348, 349–50, 445 A.2d 788, 789 (1982), we cited *PeAir v. Home Ass'n. of Enola Legion No. 751,* 287 Pa.Super. 400, 403, 430 A.2d 665, 666–667 (1981), and explained:

A nonsuit should be entered only in a clear case. *McMillan v. Mountain Laurel Racing Inc.,* 240 Pa.Super. 248, 367 A.2d 1106 (1976); *DiGiannantonio v. Pittsburgh R. Co.,* 402 Pa. 27, 166 A.2d 28 (1960); *Dunmore v. McMillan,* [396 Pa. 472, 152 A.2d 708] describing how clear the case must be, it has been said that a nonsuit can be entered only when it is inconceivable, on any reasonable hypothesis, that a mind desiring solely to reach a just and proper conclusion in accordance with the relevant governing principles of law, after viewing the evidence in the light most advantageous to the plaintiff, could determine in his favor the controlling issues involved. *Borisoff v. Penn Fruit [Company, Inc.,* 165 Pa.Super. 572, 69 A.2d 167 (1949) ]

Ms. Zvolensky sustained what her doctor termed an acute cervical soft tissue injury. Several days after the accident, she was admitted to Braddock Hospital where she remained for approximately twelve days. In a deposition, her doctor described appellant's hospital treatment in the following way:

She was basically at bed rest with cervical traction in bed, was receiving the appropriate medications for her problem and was being sent to physical therapy on a two-times-a-day basis for application of heat, massage of the muscles

and the use of some intermittent cervical traction to overcome the muscle spasm in her neck.

The total charge for Ms. Zvolensky's hospital stay was $1,678.90. The lower court found that although that amount certainly exceeds $750, appellant nevertheless failed to satisfy the requirements of Section 301 because the medical services rendered her were in the nature of physical therapy and therefore could be included in computing the $750 amount only up to $100.

In the recent case of *Dragun v. Volk,* 301 Pa.Super. 443, 447 A.2d 1381 (1982), we held that physical therapy costs were in the nature of the "rehabilitation" costs which Section 301 says can be included only up to $100 in reaching the threshold amount. We, therefore, agree that if all of appellant's costs were for physical therapy, she would not have met the threshold amount. However, we believe that appellant's hospitalization distinguishes her case from *Dragun* in which it was undisputed that the costs in question were incurred for physical therapy.

In *Dragun,* we concluded that physical therapy was a type of "rehabilitation" rather than a "medical" service. We said that Section 301 is actually composed of three parts:

1) "reasonable and necessary medical and dental services including prosthetic devices." (included)

2) "necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care, and recovery of the victim" (included)

3) "diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars" (excluded)

Id., 301 Pa.Superior Ct. at 449, 447 A.2d at 1384.

We further noted at 301 Pa.Superior Ct. 449, 447 A.2d at 1384,

The language, taken as a whole, indicates that "recovery" expenses are those tied into hospitalization and professional nursing and are completely includable, while "rehabilitation" expenses connote "diagnostic and evaluative procedures," "physical and occupational therapy" and other "necessary therapies" as described in § 103. *These*

*are recompensed by the terms of § 102, but are not includable* (except for $100.00) under § 301(a)(5)(B).

Plaintiffs' therapy expense is not claimed as medical, dental, or prosthetic. *It was not incurred in payment of an independently practicing professional such as a chiropractor or podiatrist, or for recovery under professional nursing care or hospitalization.* It falls into the third category, being, specifically, physical therapy, and as such it is excluded under § 301(a)(5)(B). (Emphasis added in part.)

Unlike the plaintiff in *Dragun,* appellant's expense was incurred largely for hospitalization and the care of a medical doctor. The bill which she received from the hospital was broken down as follows:

$1,320.00 – Room and Nursing Service
30.40 – Drugs
1.00 – Dress Supplies
59.00 – Laboratory
50.00 – X-rays
213.00 – Physical Therapy
5.50 – Telephone
$1,678.90

Clearly, the x-ray and physical therapy costs which total $263 are not includable in reaching the $750 amount. However, based on our interpretation of Section 301 in *Dragun,* we do not reach the same conclusion as to the room and nursing service charge.

We do not agree with the lower court's finding that the deposition of appellant's doctor shows that her hospitalization was in fact part of her physical therapy. The doctor stated that he saw appellant every day that she was in the hospital. Of her hospitalization, Ms. Zvolensky's doctor said, "So she was seen on a daily basis while in the hospital, and we monitored her treatment program. And at such time that we felt she was able to receive her treatment as an outpatient, she was discharged."

Appellant's treatment as described in the hospital bill and by her treating physician include hospital and nursing costs which we specifically stated were not present in *Dragun.*

Her doctor did not testify that appellant's hospitalization was merely incident to her physical therapy and we believe it was error to conclude that such was clearly the case.

Compulsory nonsuit should not have been granted. Judgment reversed and remanded for trial. This court relinquishes jurisdiction.