## Zvolensky v. King

*Raymond J. Seals,* for plaintiff.
*P. Brennan Hart,* for defendant.
*Eric C. Rome,* for additional defendant.

WEKSELMAN, *J.,* January 2, 1985—Plaintiff, while a guest passenger in an automobile being operated by additional defendant Rodman, was injured when the Rodman vehicle came into collision with one being operated by original defendant King. Plaintiff filed suit against King who joined Rodman as an additional defendant. The action was tried to a board of arbitrators who entered an award for plaintiff. Defendant's appeal from the award of the board of arbitrators was heard by Judge Staisey who entered a compulsory nonsuit on January 23, 1981, on the basis that plaintiff had failed to meet the no-fault threshold. An appeal to the Superior Court resulted in reversal and remand for trial. Zvolensky v. King, 307 Pa. Super. 91, 452 A.2d 1052 (1982). The case was then tried nonjury by this member of the court and the court entered a nonjury decision for plaintiff in the amount of $6,000 with delay damages from October 15, 1979 to date of verdict, October 16, 1984, or a total sum of $9,000 in accordance with the provisions of Rule 238, Pa.R.C.P. The trial court found additional defendant to be 90 percent negligent and original defendant 10 percent negligent. Both the original and additional defendants have filed motions for post-trial relief which, after argument, are now ripe for disposition.

The basis for the trial court's nonjury decision in the matter is set forth at length and in full on pages

94-106 of the trial record. Original defendant's motion for post-trial relief is based upon that discussion by the trial court.

Original defendant seeks, in the alternative judgment n.o.v. and a new trial. In accordance with the provisions of Rule 227.1, Pa.R.C.P., the court is required to dispose of both requests. It is original defendant's contention that the trial court's recollection of the testimony, as articulated by the trial court in its statement of its reasons for the nonjury decision, was inaccurate. A review of the trial record sustains that contention.

As may be seen from a review of the trial court's reasoning, the trial court found negligence on the part of orginal defendant in that she had failed to observe additional defendant's vehicle between the time she first saw it and a time when it appeared fully perpendicular to her in her lane of travel. The trial court indicated that the situation might have been different if original defendant had testified that she had observed the beginning of additional defendant's fateful left turn at such time as it was impossible for her to do anything about it. A review of the trial testimony (p. 49) indicates that the trial court, indeed, failed to recollect that original defendant had testified that additional defendant's vehicle commenced a left turn in front of her when she was ony "a couple car lengths" away from the point of collision. Her testimony further indicates that it was too late for her to do anything but attempt to steer to the left to avoid the collision and that she did so. The physical damage to the vehicles corroborates that original defendant was, indeed, attempting to move to the left at that time, and had the trial court recalled that testimony, it would unquestionably have absolved original defendant of any liability in the in-

cident. That being the case, it is evident that the original defendant is entitled to judgment n.o.v.

Were the court not disposed to grant a judgment n.o.v. it would, nevertheless, award a new trial so that the testimony overlooked by the trial court could be properly considered in reaching a proper nonjury decision in the case.

Original defendant also seeks to have the award of delay damages against her striken because she made an offer of settlement in excess of her share of the eventual verdict. In Richardon v. LaBuz, 81 Pa. Commw. 436, 474 A.2d 1181 (1984), the Commonwealth court held that delay damages could not be assessed against a tortfeasor who, prior to trial, made a settlement offer in excess of his respective share of the verdict ultimately returned against him. Original defendant further contends that even if delay damages are assessable against her, delay damages should be excluded for the period of delay attributable to the previous appeal to the Superior Court. That contention is based upon a decision of the U.S. Court of Appeals for the Third Circuit in Barris v. Bob's Drag Chutes & Safety Equipment, Inc., 717 F.2d 52 (3rd Cir. 1983). Although the issues concerning delay damages assessed against original defendant have been rendered moot by the court's determination to grant original defendant's motion for judgment n.o.v., they will, nevertheless, be disposed of because, at least with respect to the second delay damage issue, the same contention is made in additional defendant's motion for post-trial relief.

Original defendant's first delay damage contention would be disposed of by the decision of the Commonwealth Court in Richardson, supra, were the record in such condition as to sustain it. The record before the court at this time does not sustain

original defendant's contention that a *written* offer of settlement without condition was made to plaintiff or, if it were, the date upon which it was made. In an earlier hearing, which is not a part of this record, wherein a motion to enforce an alleged settlement was denied, it was disclosed that original defendant made a settlement offer to plaintiff conditioned upon plaintiff's assigning such rights as she might have against additional defendant to original defendant's insurer. The court does not recall whether that offer was in writing and when it occurred. In any event, it was clearly not an unconditional offer of settlement. In the aforementioned earlier hearing, the court determined that no meeting of the minds had ever occurred and the matter proceeded to trial as hereinabove indicated. Assuming, arguendo, that original defendant's offer of settlement was unconditional and was in writing, plaintiff would, nevertheless, be entitled to delay damages from October 15, 1979, to the date of the making of the offer in accordance with the provisions of subsection (e) of Rule 238. The record before the court simply contains insufficient information upon which any such determination may be made. Moreover, the matter was not asserted in pretrial proceedings or at trial. Rule 227.1(b)(2) states that the motion shall state how the grounds were asserted in pretrial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

The suspension of delay damages during the pendency of the earlier appeal has also been raised by additional defendant in her motion for post-trial relief. That motion is solely a motion to mold the verdict to eliminate that portion of the delay damages attributable to the period between the declaration of

the mistrial by Judge Staisey and the reversal of that order by the Superior Court. That period encompasses the time from January 23, 1981, when Judge Staisey entered his order, and January 6, 1983, when the Superior Court reversed and remanded the matter for trial. While the reasoning of Chief Judge Aldisert for the court of appeals has surface appeal, this court declines to follow it. Rule 238 is a comprehensive rule of the Supreme Court of Pennsylvania awarding delay damages in certain instances. The Supreme Court made no exception in the rule to the award of delay damages except for that contained in subsection (e) thereof. The award of delay damages is not a matter of grace but one of right and delay damages are required to be added to an award unless the exception contained in subsection (e) is applicable. Had the Supreme Court intended to carve out other exceptions to the award of delay damages such as the one here advanced, it could easily have done so. Since the Supreme Court has created no other exceptions, this court declines to create any.

An appropriate order will be entered.

## ORDER OF COURT

And now, this January 2, 1985, after argument and due consideration, the motion for post-trial relief of original defendant Dixie Lee King is granted, in part, and judgment n.o.v. is entered in her favor.

The motion for post-trial relief of additional defendant Lois Radman is denied.

The nonjury decision heretofore entered is vacated and a nonjury decision is here entered for plaintiff in the amount of $6,000 with damages for delay at the rate of ten percent per annum from October 15, 1979 to October 16, 1984, in the amount of

$3,000 for a total award of $9,000, in accordance with the provisions of Rule 238, Pa.R.C.P., against additional defendant Lois Rodman and in favor of original defendant Dixie Lee King.

The prothonotary is directed to enter judgment on the nonjury decision as hereinabove restated.